Case 1:23-cv-02277-JPB   Document 1-1   Filed 05/22/23   Page 1 of 14

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-02625-S3**
**4/20/2023 10:11 AM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

| | |
|---|---|
| JESSICA ELIZONDO, Individually as Next of Kin, and as Administrator of the Estate of PATRICIA BERKE,<br><br>Plaintiff,<br><br>vs.<br><br>LIFE CARE CENTERS OF AMERICA, INC. and GWINNETT OPERATIONS, LLC,<br><br>Defendants. | CIVIL ACTION<br>NO.  23-C-02625-S3<br><br>JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff Jessica Elizondo, Individually as Next of Kin and as the Administrator of the Estate of Patricia Berke, by and through the undersigned counsel, and files this, her Renewal Complaint for Damages and Jury Demand against Life Care Centers of America, Inc., and Gwinnett Operations, LLC, and shows this Honorable Court the following:

### PARTIES, JURISDICTION AND VENUE:

1.

This action is a renewal action previously filed in the State Court of Fulton County, bearing Civil Action File Number 21EV2632 and being dismissed without prejudice on December 9, 2022. All costs associated with the aforementioned filing have been paid in full.

2.

Plaintiff Jessica Elizondo is a citizen and resident of the State of Georgia.

3.

Defendant Life Care Centers of America, Inc. is a Tennessee Corporation authorized to conduct business in the State of Georgia. Defendant Life Care Centers of America, Inc. may be served with process through its Registered Agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092.

4.

Defendant Gwinnett Operations, LLC is a Tennessee Limited Liability Company authorized to conduct business in the State of Georgia. Defendant Gwinnett Operations, LLC may be served with process through its Registered Agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092.

5.

At all times relevant hereto, Defendants Life Care Centers of America, Inc., Gwinnett Operations, LLC, and all medical staff or other non-professional staff involved in Patricia Berke's care were employees and/or actual agents of Defendants Life Care Centers of America, Inc. and/or Gwinnett Operation, LLC, acting within the scope and course of their employment, such that their acts and omissions of negligence are imputed to Life Care Centers of America, Inc. and/or Gwinnett Operations, LLC under the principle of vicarious liability.

6.

Venue and jurisdiction are proper in Gwinnett County.

**FACTUAL BACKGROUND**

7.

On December 12, 2018, Patricia Berke was discharged from Northeast Georgia Medical Center and admitted to Life Care Center of Lawrenceville for therapy prior to being transitioned

home.

8.

Ms. Berke was known to have a diagnosis of Congestive Heart Failure (CHF), which would put her at risk of having low Oxygen saturation levels.

9.

On day three (3) of her stay at Life Care Center of Lawrenceville, Ms. Berke was documented to have symptoms of CHF and was placed on supplemental oxygen support.

10.

The nursing notes from Life Care Center of Lawrenceville documented that Ms. Berke was placed on Oxygen for ten (10) of her nineteen (19) day stay, between December 16, 2018 and December 30, 2018.

11.

When Ms. Berke was discharged to home on December 31, 2018, she was not given Supplemental Oxygen Support as part of her discharge plan by Life Care Center of Lawrenceville.

12.

On January 1, 2019, Ms. Berke died at home, in her sleep; her Death Certificate certified her cause of death to be Cardio Pulmonary Arrest due to Heart Failure.

### COUNT I – NEGLIGENCE OF LIFE CARE CENTERS OF AMERICA, INC. AND GWINNETT OPERATIONS, LLC

13.

Plaintiff incorporates Paragraphs 1 – 12 by reference, as if fully set forth herein.

14.

Defendant Life Care Centers of America, Inc. and/or Gwinnett Operations, LLC, were

negligent in the medical care delivered to patient Patricia Berke, by failing to exercise that degree of care, skill, and diligence ordinarily employed under similar conditions and like surrounding circumstances.

15.

More specifically, Life Care Centers of America, Inc. and/or Gwinnett Operations, LLC failed to comply with the applicable standard of care applicable to the circumstances and conditions then existing, and to provide Patricia Berke with supplemental Oxygen as part of her discharge plan from Life Care Center of Lawrenceville.

16.

The standard of care, as well as the foreseeability that a lack of supplemental oxygen support could result from any deviation from the standard of care, should have been obvious to anyone treating Patricia Berke, when she continually suffered from decreased oxygen saturation for no less than ten (10) days prior to discharge, and would require supplemental oxygen support at home following her discharge.

17.

As a direct and proximate result of the negligence of Defendant Life Care Centers of America, Inc. and/or Gwinnett Operations, LLC, or the negligence of Defendant Life Care Centers of America, Inc. and/or Gwinnett Operations, LLC, acting through its employees or agents, or a combination of both, Patricia Berke passed away in her sleep the night/early morning following her discharge from Life Care Center of Lawrenceville. As such, Plaintiff Jessica Elizondo, both individually as Next of Kin and as Administrator of the Estate of Patricia Berke, is entitled to recover for all damages suffered, including physical, emotional, and wrongful death pursuant to O.C.G.A. § 51-4-1, et. seq.

## COUNT II - DAMAGES

18.

Plaintiff incorporates Paragraphs 1 – 17 by reference, as if fully set forth herein.

19.

As a direct and proximate result of the Defendants individual and collective conduct, Plaintiff Jessica Elizondo, both individually and as Next of Kin and as Administrator of the Estate of Patricia Berke is entitled to recover from Defendants reasonable damages in an amount to be determined by an enlightened jury.

## COUNT III – PUNITIVE DAMAGES

20.

Plaintiff incorporates Paragraphs 1 – 19 by reference, as if fully set forth herein.

21.

Defendants' actions, as described above, showed willful misconduct, malice, wantonness, oppression, or that entire want of care that would raise the presumption of conscious indifference to consequences as contemplated under O.C.G.A. § 51-12-5.1.

## EXPERT AFFIDAVIT PURSUANT TO O.C.G.A. § 9-11-9.1 and 24-7-702

22.

The Affidavit of Richard G. Huntley, M.D., F.A.C.P., an expert witness who is competent to testify as to the standard of care required of all Defendants, identifying at least one negligent act or omission and factual basis for each such claim, is attached hereto as Exhibit 1.

**WHEREFORE,** Plaintiff respectfully prays and demands as follows:

1. That Process and Summons issue, as provided by law, requiring Defendants

to appear and answer Plaintiff's Complaint;

2. That service be had upon Defendants as provided by law;

3. For compensatory damages for the full value of the lie of Patricia Berke;

4. For compensatory damages for Patricia Berke's pain and suffering;

5. For compensatory damages for Patricia Berke's funeral and cremation expenses to be set forth more specifically by timely amendment to this Complaint;

6. A trial by jury;

7. Punitive damages;

8. Attorney's fees and expenses of litigation; and

9. That Plaintiff be granted any and all other such and further relief as the Court may deem just and proper.

Respectfully submitted this ___20th___ day of April, 2023.

                        **GARDNER LAW FIRM**

                        /s/ Robert M. Gardner, Jr.
                        Robert M. Gardner, Jr.
                        Georgia Bar No. 284640
                        Attorney for Plaintiff

P.O. Box 310
Winder, Georgia 30680
Tel: 678.963.5045
Fax: 678.806.4870
Email: rg@gardnerlawfirm.com

# Exhibit 1

STATE OF __Connecticut__

COUNTY OF _____Fairfield_____

# AFFIDAVIT OF RICHARD G. HUNTLEY, Jr., M.D., F.A.C.P.

Personally, appeared before me, the undersigned officer, duly authorized by law to administer oaths, Richard G. Huntley, Jr., MD, FACP, who, first being duly sworn, deposes and states as follows:

1.

My name is Richard G. Huntley, Jr., M.D., FACP. I am over the age of eighteen (18) and otherwise competent to give this Affidavit. This Affidavit is based upon my own personal knowledge, as well as my education, training, experience and review of the medical record.

2.

I am a medical doctor licensed to practice medicine in the States of Connecticut and New York, and have been continually licensed since 1985. I received a Doctor of Medicine (M.D.) degree in 1983 from University of Connecticut School of Medicine in Farmington, Connecticut. I am Board Certified in Internal Medicine (1986).

3.

I have been actively engaged in the practice of Internal Medicine full-time for at least five (5) years prior to the occurrence of the negligent acts and omissions discussed below, including the instruction and supervision of nurses in the diagnosis, treatment, and management of patients like Patricia Berke. Attached to this Affidavit and incorporated herein is a copy of my Curriculum Vitae summarizing my educational and medical background.

4.

Based upon my education, training, and experience, I am familiar with, have personal knowledge of, and am qualified to testify with regard to the applicable standard of care exercised by members of the medical profession generally ("the standard of care") in the diagnosis, care, and treatment of patients with diagnosis akin to the diagnosis of Patricia Berke. In particular, I am familiar with the standard of care applicable to physicians, nurses, and various other healthcare provider personnel that participate in the care and treatment of general internal medicine for patients like Patricia Berke who are at risk of decreased oxygen saturation due to a number of risk factors, and require appropriate screening, evaluation/testing, accurate diagnosis, frequent assessment and monitoring, and implementation of targeted intervention and prevention strategies designed to either minimize or eliminate a high risk of decreased oxygen saturation.

5.

In connection with providing this Affidavit, I have reviewed the medical records of Patricia Berke, including those from Life Care Center of Lawrenceville dated December 12, 2018 through December 31, 2018. Based upon my education, training, and experience, as well as my review of the above-referenced records of Patricia Berke, I have determined the following facts:

a. On December 12, 2018, 71 year old Patricia Berke was discharged from Northeast Georgia Medical Center and admitted to Life Care Center of Lawrenceville for therapy prior to being transitioned home; her Attending physician there was Dr S Zaman.

b. Ms Berke was known to have a diagnosis of Congestive Heart Failure (CHF), which would put her at risk of having low oxygen saturation levels, and on 3 days at Lawrenceville she was documented to have symptoms of CHF.

c. Lawrenceville Nurses notes documented that Ms Berke was placed on oxygen for 10 of her 19 days at Lawrenceville, between Dec 16 and Dec 30, 2018.

d. When Ms Berke was discharged to home on Dec 31 she was not given Oxygen as part of her Discharge plan by Lawrenceville and Dr Zaman.

e. On Jan 1, 2019 Ms Berke died at home; her Death Certificate certified her death to be due to Cardio Pulmonary arrest due to Heart Failure.

6.

It is affiant's opinion, within a reasonable degree of medical probability, that the care and treatment rendered to Patricia Berke by Sofia Naz Zaman, M.D., Gwinnett Operations, LLC, and/or Life Care Centers of America, Inc., and other non-professional healthcare personnel employed by and/or agents of Gwinnett Operations, LLC and/or Life Care Centers of America, Inc., deviated from and fell below the standard of care applicable to physicians, nurses, and dietitians in general under the same or similar conditions and like surrounding circumstances as described above.

8.

It is also my professional opinion, within a reasonable degree of medical probability, that the deviations of the standard of care outlined above were a proximate cause of Ms Berke's death from Heart Failure

9.

This Affidavit is given pursuant to the requirements of O.C.G.A. § 9-11-9.1 to demonstrate that this bona fide claim and is not intended to be a comprehensive statement of all opinions held by this affiant. Indeed, this Affidavit is not a summary of all the opinions that I may hold in this matter, nor is it a listing of each and every departure from the standard of care.

Therefore, I specifically reserve the right to supplement and/or amend any opinions set forth herein as additional records and testimony is made available through discovery.

Further Affiant Sayeth Not.

This 29th day of April, 2021

_____
Richard G. Huntley, Jr., M.D., F.A.C.P.

Sworn to and subscribed to before me on this 29th day of April, 2021.

_____
Notary Public
My commission expires: 2-16-25

[Notary Seal: DEBRA JEAN POTTS, NOTARY PUBLIC, OGLETHORPE COUNTY, GEORGIA, EXPIRES February 16, 2025]

# CURRICULUM VITAE

## RICHARD G. HUNTLEY, JR., M.D., F.A.C.P.

**PRIVATE PRACTICE:**
Internal Medicine
Westmed Medical Group  2017-- Present
Norwalk Medical Group, P.C. 1987-- 2017
40 Cross Street, Norwalk, CT 06851   203-845-4842

Medical Director and Chairman, Advisory Board
Notre Dame Health & Rehab 1988--Present
Norwalk, CT 06851

**EDUCATION:**
University of Connecticut School of Medicine
Farmington, CT
M.D. 1979-1983

Williams College
Williamstown, MA
B.A., Cum Laude 1971-1975
Biology Major, Teaching Assistant in genetics
Dean's List

**POSTDOCTORAL TRAINING:**
Chief Medical Resident, Waterbury Hospital (in affiliation with Yale University)
Waterbury, CT 1986-1987

Internship and Residency, Internal Medicine
Waterbury Hospital
Waterbury, CT 1983-1986

**HOSPITAL APPOINTMENTS:**
Member Executive Committee, Department of Medicine
Norwalk Hospital 1990; Secretary 1996-1997

Member Advisory Committee, Diabetes Education Office
Norwalk Hospital 1990-1991

Member, Patient Care Evaluation Committee,
Norwalk Hospital 1993-1995

Chairman, Nominating Committee, Department of Medicine,
Norwalk Hospital 1996-2000

Member, Readmission Task Force Committee, Norwalk Hospital 2011--2016

Senior Attending, Department of Medicine, Norwalk Hospital 1987-2015

Attending, Active Community Based, Department of Medicine, Norwalk Hospital 2015-Present

**TEACHING APPOINTMENTS:** Preclinical Tutor, Yale University School of Medicine New Haven, Connecticut 1987-1990

Preceptor, Ambulatory Component of Internal Medicine Clerkship, Yale University School of Medicine 1993—Present

Assistant Clinical Professor, Yale University School of Medicine 1996—Present

Examiner for ABIM Clinical Competency Examinations Norwalk Hospital Internal Medicine Residency 1990-2000

**MEDICAL ADMINISTRATION:** Vice-President, Norwalk Medical Group 1992-1996
Vice-President, Strategic Planning and Marketing 1996--1999, 2001—2014

Board member, Norwalk Independent Practice Association (IPA) 1995—2011

Secretary, Fairfield County Physicians Management Corporation 1997—2011

**OTHER POSITIONS:** Medical Director, Westport Health Care Center 2006—2010 Westport, CT 06880

Member, Business Development Committee, Connecticut Medical Insurance Company (CMIC) 1999-2003

Member, Connecticut ACP Governor Advisory Council 1993-1997

Consultant, Pharmaceutical Representative Tutorials

Medical Legal Expert Witness in Internal Medicine and

Richard G. Huntley, Jr., MD, FACP                                                            3

|  |  |
|---|---|
|  | Nursing Home Liability |
|  | Principal Investigator, Office Clinical Trials |
| **AWARDS:** | Recipient, First Prize Scholarly Award for "Electrocardiographic Manifestations of the Gastrointestinal Tract," Waterbury Hospital Health Center 1986 |
|  | University Of Connecticut School of Medicine 1982 Sigma Xi Certificate of Recognition and Dean's Award for Research accomplished during medical school |
|  | Recipient, State of Connecticut Graduate Scholarship 1979, and Joseph Collins Foundation Scholarship 1980-1983 |
| **CERTIFICATION AND LICENSURE:** | Board Certified in Internal Medicine Diplomate, ABIM 1986 #107752 Diplomate, NBME 1984 #283852 |
|  | Connecticut State License 1985  #026495 New York State License     2017  #288189 |
| **ORGANIZATIONS:** | Fellow, ACP 1995 Member, ACP 1989 #004486 |
| **WORK EXPERIENCE:** | Research Assistant, Department of Cellular Physiology and Immunology, Rockefeller University, New York, New York 1977-1979 |
|  | Peace Corps Volunteer, Fiji Islands 1976-1977 Science Teacher, Dwight School, New York, New York: 1975-1976 |
| **PUBLICATIONS:** | (as an Investigator): Bhatt DL, et al. International Prevalence, Recognition, and Treatment of Cardiovascular Risk Factors in Outpatients with Atherothrombosis. *JAMA*. 2006; 295: 180-189. |
|  | Bhatt DL, et al. Comparative Determinants of 4-Year Cardiovascular Event Rates in Stable outpatients at Risk of or With Atherothrombosis. *JAMA*. 2010; 304 (12): 1350-1357 |
|  | Zinman B, et al. Empagliflozin, Cardiovascular Outcomes, and Mortality in Type 2 Diabetes. *NEJM*. 2015; 373: 2117-2128 |

9/17